IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN IRVIN,

    Plaintiff,

    v.

PRIME, INC., ET AL.,

    Defendants.

06cv0466
ELECTRONICALLY FILED

MEMORANDUM ORDER

    This is a negligence action. Plaintiff, Brian Irvin, alleges that defendant, Richard James Henderson, while acting within the scope of his employment as the operator of a tractor/trailer owned by defendant Prime, Inc., caused an automobile accident thereby resulting in personal injuries to plaintiff as well $4,000 in damage to his vehicle. The complaint in this action was originally filed by plaintiff in the Court of Common Pleas of Allegheny County, Pennsylvania, but defendants filed a notice of removal to this Court alleging *inter alia* that the amount in controversy exceeds $75,000. Pending before this Court is plaintiff's motion to remand and supporting declaration. For the reasons that follow, this Court will remand the case to the Court of Common Pleas of Allegheny County.

    Because federal district courts have limited jurisdiction, the removal statutes are strictly construed against removal. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). All doubts as to substantive and procedural jurisdictional prerequisites must be resolved in favor of remand. Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985); Sterling Homes, Inc. v. Swope, 816 F. Supp. 319, 323 (M.D. Pa. 1993). The

removing defendant bears the heavy burden of persuading the court to which the state action was removed that it has jurisdiction under the removal statutes. Batoff, 977 F.2d at 851; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).

The diversity of the parties' citizenship herein is not disputed, but the amount in controversy is. When an action is removed on the basis of diversity, the requisite diversity of citizenship and jurisdictional amount must appear on the face of the complaint. See Levy v. Weissman, 671 F.2d 766, 767 (3d Cir. 1982). Moreover, even though "actual damages may not be established until later in the litigation, the amount in controversy is measured as of the date of removal, a practice similar to that in original jurisdiction where the inquiry is directed to the time when the complaint is filed . . . . When it appears to a legal certainty that plaintiff was never entitled to recover minimum amount set for section 1332, the removed case must be remanded even if the jurisdictional deficiency becomes evident only after trial." Meritcare, 166 F.3d at 217.

Where the complaint does not seek damages in a precise monetary amount, the district court may look to the notice of removal, and should make an independent evaluation of the claim from the record before it, i.e., the state court records starting with the complaint, and the removal notice. Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993).

Recently, the United States Court of Appeals for the Third Circuit clarified the amount in controversy test in Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392 (3d Cir. 2004). The Court in Samuel-Bassett noted a federal court's continuous obligation to satisfy itself of its jurisdiction, *sua sponte* if the parties have not flagged the issue, and

reiterated that the removal statutes are to be strictly construed against removal. 357 F.3d at 396. Any factual disputes necessary to establish jurisdiction or the lack thereof must be resolved by the district court if the complaint and removal petition are insufficient to establish the amount with certainty. Id. It is the defendant's burden to demonstrate, by a preponderance of the evidence, facts upon which the district court may find that the amount meets or exceeds $75,000. Id. at 397-98. Furthermore, estimations of the amounts recoverable [under the state claims pleaded] must be realistic. Id. at 403. The inquiry should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated. Id. at 403.

When the relevant facts are not in dispute or findings have been made by the district court, the Samuel-Bassett Court recommended that we "adhere to the legal certainty test" cited in Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214 (3d Cir. 1999) and established by the United States Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). In Red Cab, the plaintiff, in seeking a remand to state court, amended the complaint after removal to allege damages less than the federal jurisdictional amount. The Court in Red Cab discussed the nature of a defendant's burden of proof in a removal case and stated that "the rule for determining whether the case involves the requisite amount as whether from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." Samuel-Bassett, 357 F.3d at 397 citing Red Cab, 303 U.S. at 289.

Applying the Samuel-Bassett "to a legal certainty" standard to this case, defendants

have not demonstrated the value of this case will reach the $75,000 threshold.  Furthermore, and more importantly, in addition to plaintiff's motion for remand, plaintiff's attorney has filed a declaration swearing that the amount in controversy does not exceed $75,000.

For the foregoing reasons, this Court lacks subject matter jurisdiction and this case will be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania.

AND NOW, this 21st day of April, 2006, IT IS HEREBY ORDERED that plaintiff's motion to remand (doc. no. 3) is GRANTED and this action is REMANDED to the Court of Common Pleas of Allegheny County, Pennsylvania pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  The Clerk is directed to mark this case closed and transmit the record to the Court of Common Pleas, Allegheny County, Pennsylvania, forthwith.

SO ORDERED this 21st day of April, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record